Dear Mr. Landry:
Your request for an Attorney General's opinion has been referred to me for research and reply. Specifically, you ask whether Act 1001 of the 2003 Louisiana Legislative Session created a legislative repeal of the "salary and fee basis" classification of a coroner that was judicially established by Carriere v. St. Landry Parish Police Jury, et al., 97-1914 (La. 3/4/98); 707 So.2d 979, La.R.S. 33:1556 and La.R.S.33:1559. In short, in our opinion, Act 1001 of 2003 did not create a legislative repeal of the "salary and fee basis" classification of a coroner.
The general statutory provision pertaining to a coroner's collection of fees and necessary expenses is currently found in La.R.S. 33:1556. This statute sets out a list of fees for various services provided by coroners and establishes that the fees shall be paid by the governing authority of the parish or municipality depending on the type of service provided. With regard to the coroner's right to collect the fees designated in La.R.S. 33:1556, there exists one limitation provided by La.R.S.33:1556(A)(5) that states that the provisions of this subsection shall only apply to coroners on a fee basis.
La.R.S. 33:1559, prior to repeal in 2003, addressed extra compensation for coroners payable by the state or parish depending on the method of compensation. Prior to repeal, § 1559 provided:
 A. (1) Any coroner who is paid a salary or a salary and fees under the provisions of this Part, in addition, shall be paid five hundred forty-eight dollars per month by the state.
 (2) Any coroner who is paid only fees under the provisions of this Part shall be paid five hundred forty-eight dollars per month by the state and may be paid an additional five hundred dollars per month by the parish governing authority. *Page 2 
 B. The extra compensation for coroners payable by the state provided for in Subsection A of this Section shall be payable monthly by the state treasurer on the warrant of the coroners from funds appropriated by the legislature for this purpose.
 C. The extra compensation for coroners which may be paid by the parish governing authority provided for in Subsection A of this Section shall be payable monthly by the parish governing authority on the warrant of the coroner. The funds for the parish portion of the extra compensation shall be carried as an item in the parish governing authority's annual budget.
In Carriere v. St. Landry Parish Police Jury, the Louisiana Supreme Court reviewed the statutes providing for the compensation for coroners, La.R.S. 33:1556 and La.R.S. 33:1559, prior to repeal. The Court observed as follows:
 It is necessary to read the pertinent parts of § 1556 and § 1559 in pari materia in order to understand the entire compensation scheme envisioned by the legislature. The language of § 1559 recognizes three different methods of compensating coroners: a salary, a salary plus fees, or fees alone. . . . Reading § 1559 in conjunction with § 1556, it appears that there are two types of fee-basis coroners: those who are paid a salary plus fees and those that are paid fees only. Coroners compensated in either of these manners can collect the fees per services listed in § 1556(A), and only when it is contemplated that a coroner will be compensated exclusively with a salary is he excluded from application of § 1556(A).
Act 1001 of 2003, pertaining to the repeal of extra compensation for coroners in La.R.S. 33:1559, was introduced as Senate Bill No. 683 at the 2003 Regular Session of the Louisiana Legislature. The title and pertinent language of Senate Bill 683 reads as follows:
 To repeal R.S. 33:1559, relative to extra compensation for coroners; to repeal provisions for extra compensation for coroners payable by the state and parish governing authorities; to provide for effectiveness and an effective date; and to provide for related matters.
 Be it enacted by the Legislature of Louisiana: *Page 3 
 Section 1. R.S. 33:1559 is hereby repealed.
While Act 1001 of the 2003 Legislative Session repealed La.R.S.33:1559, this office finds nothing in the application of the repeal to indicate that the legislature intended to change the law regarding any of the three different methods of compensating coroners: a salary, a salary plus fees, or fees alone. In our opinion, the purpose of Act 1001
of 2003 was to repeal provisions for supplemental compensation for coroners over and above any of the three above described methods and payable by the state and parish governing authorities.
Our opinion is also supported, in pertinent part, by the Court inCarriere as follows:
 This provision [La.R.S. 33:1556] explains the legislature's reference to three alternative methods of compensating coroners in the current § 1559. Formerly, a coroner who was also named parish health officer was entitled to a salary plus fees, a coroner named ex officio parish physician collected fees until and unless the parish governing body fixed a salary for him, and under such circumstances, the salary was in lieu of fees, and a coroner given neither additional title or responsibilities collected only fees. . . .
 In 1984, the statutory provisions in Title 33 regarding the coroner's office were updated to reflect the duties actually being carried out by coroners and to increase their fees. Tape of Louisiana House Judiciary Committee,
Consideration of Louisiana Senate Bill 233 (June 19, 1984). The paragraph regarding designation of the coroner as ex officio parish physician and/or parish health officer was omitted in the revision. However, the legislature reinforced its intention to provide parish governing bodies with a choice regarding compensation of coroners.The 1984 revision added § 1559 which clearly maintains the threealternative methods of compensating coroners. . . . (Emphasis added.) Considering the above discussion and guidance by the Court, § 1559 maintained and confirmed the three preexisting methods of compensating coroners; it did not establish them. Furthermore, since the repeal of La.R.S. 33:1559, this office has consistently noted that coroners are compensated by any of the following methods: (1) fee-only basis; (2) salary-only basis; or (3) a combination of the two. See Attorney General Opinions 04-0134 and 07-0240. These compensation options also are still recognized in La.R.S. 33:1555(B) (salaries of coroner employees "shall be paid by the coroner out of his fees or by arrangement with *Page 4 
the parish governing authority if the coroner is on a salary basis.") and La.R.S. 33:1556(A)(5) (specified fees "only apply to coroners on a fee basis.").
Additional support for the three methods of compensation and most compelling is Regions Bank v. Parish of Caddo, et al., 42,920 (La.App. 2 Cir. 2/27/08); 978 So. 2d 494. In footnote 4 of the decision, the court stated:
 The Louisiana Supreme Court set forth these three methods of compensation for coroners in Carriere v. St. Landry Parish Police Jury, supra. In its opinion, the court relied in part upon La.R.S. 33:1559, which was repealed in 2003. However, we note that since the repeal of that statute, the legislature has not made any change in the law to reflect implementation of a different compensation scheme for coroners. (Emphasis added.)
Based on the foregoing information, it is the opinion of this office that Act 1001 of the 2003 Louisiana Legislative Session did not create a legislative repeal of the "salary and fee basis" classification of a coroner that was judicially established by Carriere. The purpose of Act 1001 of 2003 was to repeal provisions for extra compensation for coroners payable by the state and parish governing authorities, not repeal any of the three different methods of compensating coroners — a salary, a salary plus fees, or fees alone.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 Claudeidra Minor
 Assistant Attorney General
 JDC:CM:Irs